■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SAMUEL, Appellant. [617 NYS2d 494] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered December 10, 1990, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied the branches of his omnibus motion which were to suppress the physical evidence recovered from his person and the identifications made by the complainants *(see, People v Chipp,* 75 NY2d 327, 338, *cert denied* 498 US 833; *People v De Bour,* 40 NY2d 210, 223; *People v Batash,* 163 AD2d 399, 400; *People v Tromp,* 160 AD2d 750). Further, the court properly denied the defendant's motion to withdraw his plea of guilty. The defendant had sought to withdraw his plea on the grounds that he had been coerced by his attorney, alleging that his attorney had warned him of the strength of the prosecution's case and the likelihood of a lengthy sentence in the event he was convicted after a trial. However, we find that even if the defendant's allegations are true, they do not constitute coercion on the part of his counsel *(see, People v*

*Anthony,* 188 AD2d 477). In any event, the defendant's claims of coercion are wholly belied by the fact that during his plea allocution, the defendant had unequivocally stated he had not been coerced into entering the plea *(see, People v Jackson,* 203 AD2d 302).

The defendant's remaining contentions are without merit *(see, People v Baldi,* 54 NY2d 137, 147; *People v Misuis,* 47 NY2d 979; *People v Wise,* 46 NY2d 321). Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.