■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v Alfred Ellerbe, Also Known as Shikim Outler, Appellant. [655 NYS2d 409] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered March 6, 1995, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision to permit the withdrawal of a plea of guilty rests within the sound discretion of the court (CPL 220.60 [3]). In this case, the defendant's unsupported allegations of innocence and that his attorney coerced him into accepting the plea did not warrant the vacatur of his plea of guilty (*see, People v Dickerson*, 163 AD2d 610; *People v Tuttle*, 141 AD2d 584). Despite his subsequent protestations of innocence and that he was coerced into accepting the plea offer, the defendant admitted at the plea proceeding that he was entering a plea of guilty because he was guilty and specifically admitted that he approached a man, pretended to be armed, and proceeded to take some jewelry from him. He further indicated that he had not been induced into accepting the plea by any threats or promises, with the exception of the promised sentence.

The defendant's unsupported claims of innocence and that his plea of guilty was not voluntary are thus belied by the record (see, People v Butler, 198 AD2d 427). Moreover, the court had the opportunity to see and hear the defendant at a hearing in connection with his motion to withdraw his plea, and concluded thereafter that the defendant's assertions of innocence and that he was coerced into accepting the plea were not credible.

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea of guilty (see, CPL 220.60 [3]; People v Dickerson, supra). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.