■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BROWN, Appellant. [676 NYS2d 470] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered August 5, 1996, convicting him of rape in the first degree and sexual assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS BROWN, Appellant. [675 NYS2d 555] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 16, 1995, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the right of a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the sentencing court (*see,* CPL 220.60 [3]; *People v Ellerbe,* 237 AD2d 299). The defendant knowingly and voluntarily pleaded guilty in the presence of competent counsel after the court had advised him of the consequences of his plea during the plea allocution (*see, People v Harris,* 61 NY2d 9). The defendant's bare assertion that he was innocent is insufficient to warrant withdrawal of the plea (*see, People v Evans,* 204 AD2d 346; *People v Chestnut,* 188 AD2d 480). Since the basis of the defendant's application to withdraw his plea was facially without merit, no formal evidentiary hearing was necessary (*see, People v Billings,* 208 AD2d 941; *People v Morris,* 118 AD2d 595).

The remaining contentions of the defendant on this appeal were not raised in his application to withdraw his plea and therefore are not preserved for appellate review (*see, People v Lopez,* 71 NY2d 662, 665; *People v Pellegrino,* 60 NY2d 636; *People v Griffin,* 186 AD2d 820; *People v Coluccio,* 170 AD2d 523; *People v Ellis,* 163 AD2d 611). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.