■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS YEPES RODAS, Appellant. [677 NYS2d 797] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered August 2, 1995, convicting him of criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence. By decision and order dated April 7, 1997, this Court remitted the matter to the County Court, Dutchess County, to hear and report on the defendant's motion to withdraw his plea of guilty, and the appeal was held in abeyance in the interim (see, *People v Rodas,* 238 AD2d 358). The County Court, Dutchess County, has filed its report.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was coerced is without merit. At the hearing on the motion to withdraw his plea of guilty, the defendant's former attorney, Frank Redl, expressly contradicted the defendant's testimony that he had

advised the defendant that the latter would not succeed at trial because Poughkeepsie was a "racist" town. The County Court credited Redl's testimony and rejected the defendant's testimony as not credible. On this record, we see no reason to disturb the County Court's determination as to the credibility of the witnesses (*see, People v Prochilo,* 41 NY2d 759, 761).

Redl's pessimistic assessment of the defendant's chances of succeeding at trial and his conclusion that the defendant would be subject to a lengthy prison sentence if convicted did not constitute coercion (*see, People v Jones,* 232 AD2d 505; *People v Spinks,* 227 AD2d 310; *People v Samuel,* 208 AD2d 776). The record demonstrates that the defendant knowingly, intelligently, and voluntarily pleaded guilty (*see, People v Harris,* 61 NY2d 9). Accordingly, the County Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea of guilty (*see, People v Jones, supra; People v Palmeri,* 227 AD2d 418; *People v Samuel, supra*). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.