■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD CHARLES, Appellant. [683 NYS2d 438] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Juviler, J.), both rendered September 29, 1997, convicting him of sodomy in the first degree under Indictment No. 12213/96, and sodomy in the first degree under Indictment No. 3775/97, upon his pleas of guilty, and sentencing him to an indeterminate term of 4 to 8 years imprisonment on his conviction under Indictment No. 12213/96 to run concurrently with an indeterminate term of 4 to 8 years imprisonment on his conviction under Indictment No. 3775/97.

Ordered that the judgment under Indictment No. 3775/97 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 12213/96 is modified, on the law, by reducing the sentence imposed thereon from an indeterminate term of 4 to 8 years imprisonment to an indeterminate term of 2⅔ to 8 years imprisonment; as so modified, the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's *pro se* motion to vacate his pleas of guilty (*see,* CPL 220.60 [3]; *People v Ellerbe,* 237 AD2d 299).

The defendant's protestations of innocence and of coercion are belied by the record (*see, People v Brown*, 251 AD2d 677; *People v Sider,* 232 AD2d 666; *People v Evans,* 204 AD2d 346). The defendant's claim that he was coerced by his attorney's warning regarding the strength of the prosecution's case is without merit (*see, People v Samuel,* 208 AD2d 776; *People v Anthony,* 188 AD2d 477).

The defendant committed the crime of sodomy in the first degree under Indictment No. 12213/96 in 1993. Accordingly, as the People concede, the Supreme Court erred in imposing a minimum term of imprisonment which was one-half of the maximum term of that count (*see,* Penal Law § 70.02 [former (4)]). The court should have imposed a minimum term of imprisonment of one-third of the maximum term, to run concurrently with the other sentence of an indeterminate term of 4 to 8 years imprisonment.

The defendant's remaining contention is without merit. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.