■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY POLITE, Appellant. [687 NYS2d 385] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Ferdinand, J.), both rendered February 28, 1996, convicting

him of assault in the second degree, under Indictment No. 11490/94, and manslaughter in the second degree, under Indictment No. 11629/94, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

It is well settled that the decision to permit the withdrawal of a plea of guilty is directed to the sound discretion of the court (*see, People v Frederick*, 45 NY2d 520). The court properly exercised its discretion in denying the defendant's motion to withdraw his pleas without a hearing, after assigning him new counsel and giving him a full opportunity to present his contentions (*see, People v McCaskell*, 206 AD2d 547).

The minutes of the plea proceeding show that the defendant entered knowing and voluntary pleas, and there is nothing in the record to suggest that the pleas were improvident or baseless. The defendant's allegations of innocence were insufficient to warrant a hearing, as the record discloses that the defendant freely admitted that he shot each victim (*see, People v Ellerbe*, 237 AD2d 299; *People v McCaskell, supra*). The defendant's contention that he was coerced by his attorney is belied by his statement during the plea allocution that he had not been forced into pleading guilty. Furthermore, contrary to the defendant's contention, his attorney's alleged statements about the strength of the People's case, the weaknesses of his defenses, and the likelihood of a lengthy sentence do not constitute coercion (*see, People v Jones*, 232 AD2d 505; *People v Spinks*, 227 AD2d 310; *People v Samuel*, 208 AD2d 776).

The defendant's contentions raised in his supplemental *pro se* brief are without merit. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.