■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEMBERTON, Appellant. [701 NYS2d 38] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered July 17, 1996, convicting defendant, upon his plea of guilty, of one count each of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 5 years to life and 1 year, respectively, unanimously affirmed.

The sentencing court properly exercised its discretion when it did not inquire further into defendant's conclusory contention that his plea was coerced by counsel. Defendant received a reasonable opportunity to advance his claim, and his statement at sentencing contained nothing to suggest that his claim had any merit. Accordingly, the court, which was familiar with the plea allocution and the other prior proceedings, made "an informed and prudent determination" (*People v Frederick*, 45 NY2d 520, 525) that defendant's counsel provided sound advice to plead guilty (*see, People v Bonner*, 251 AD2d 107, *lv denied* 92 NY2d 923). Accordingly, we find that defendant's plea was voluntary, as was his waiver of the right to appeal, which forecloses review of defendant's suppression claim. Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VASQUEZ, Appellant. [700 NYS2d 690] —Judgment, Supreme Court, New York County (David Saxe, J.), rendered November 20, 1997, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning identification. By placing his hand in a paper bag and pointing it at the victim, defendant displayed what appeared to be a firearm (*see, People v Baskerville*, 60 NY2d 374).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.