■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ESTRELLA, Appellant. [733 NYS2d 175] —Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered December 21, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and attempted sexual abuse in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 1½ to 3 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. Immediately after lawfully arresting defendant on a crowded subway platform, the police, who had been informed by the victim and by a witness that defendant had used a knife in the

commission of a sexual crime and had secreted it in his duffle bag, properly searched the bag and recovered two knives. Although defendant had been handcuffed, the bag, which was at defendant's feet, had not been reduced to the exclusive control of the police and the police acted reasonably to ensure their safety and that of bystanders, and to prevent the destruction of evidence (*see, People v Smith*, 59 NY2d 454, 458-459; *People v De Santis*, 46 NY2d 82, *cert denied* 443 US 912; *People v Wylie*, 244 AD2d 247, *lv denied* 91 NY2d 946).

The court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea, after affording defendant sufficient opportunity to present his claims of innocence and coercion. The court was thoroughly familiar with the proceedings, including the plea allocution, and was able to make the requisite "informed and prudent determination" (*People v Frederick*, 45 NY2d 520, 525) that defendant's claims were unfounded (*see, People v Pemberton*, 268 AD2d 236).

Defendant's challenge to the sufficiency of his factual recitation is unpreserved and we decline to review it in the interests of justice (*see, People v Toxey*, 86 NY2d 725; *People v Lopez*, 71 NY2d 662, 665-666). Were we to review this claim, we would find that nothing in the plea allocution cast doubt on defendant's guilt.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Nardelli, Tom, Saxe and Friedman, JJ.