■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. DENGEL, Appellant. [750 NYS2d 553] —Appeal from a judgment of Allegany County Court (Euken, J.), entered October 26, 2001, convicting defendant upon his plea of guilty of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to the contention of defendant, County Court properly denied his motion to suppress his statements to the State Police. The record supports the court's determination that defendant was not subjected to custodial interrogation before *Miranda* warnings were given (*see People v Bray*, 295 AD2d 996, *lv denied* 98 NY2d 694; *People v Ludlow*, 187 AD2d 936, 937, *lv denied* 81 NY2d 888). Defendant's further contention that the evidence before the grand jury was not legally sufficient is not properly before us inasmuch as "defendant accepted a bargained plea to a lesser included offense" (*People v Welsher*, 270 AD2d 839, 839, *lv denied* 95 NY2d 806).

Defendant also contends that the court erred in denying his motion to withdraw his plea without conducting a hearing. We disagree. "It is well settled that the decision to permit the withdrawal of a plea of guilty is directed to the sound discretion of the court * * *. The court properly exercised its discretion in denying the defendant's motion to withdraw his [guilty plea] without a hearing, after assigning him new counsel and giving him a full opportunity to present his contentions" (*People v Polite*, 259 AD2d 566, 567, *lv denied* 93 NY2d 1025; *see People v Feliciano*, 242 AD2d 787). The additional contention of defendant that "he was coerced by his attorney is belied by his statement during the plea allocution that he had not been forced into pleading guilty" (*Polite*, 259 AD2d at 567; *see People v Cole*, 295 AD2d 360). The record establishes that "defendant entered a knowing and voluntary plea and there is nothing in the record to suggest that the plea was improvident or baseless" (*People v Weekes*, 289 AD2d 599, 599, *lv denied* 98 NY2d 682). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.