Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered August 7, 2000, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The Supreme Court properly exercised its discretion in denying the defendant’s motion to withdraw his plea of guilty (see CPL 220.60 [3]; People v Dickerson, 163 AD2d 610 [1990]). The defendant’s protestations of innocence and his assertion that he was denied effective assistance of counsel are belied by his responses at the plea allocution (see People v Charles, 256 AD2d 472 [1998]).
The defendant’s contention that his plea of guilty should be vacated on the ground that the Supreme Court failed to advise him that he would be subject to an automatic and statutorily mandated five-year period of post-release supervision following the completion of his determinate sentence is unpreserved for appellate review, as the defendant did not seek to withdraw his *614 plea on this ground before sentencing or move to vacate the judgment of conviction (see People v Curry, 301 AD2d 658 [2003]). Furthermore, we decline to reach the issue as a matter of discretion in the interest of justice.
Finally, since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that the sentence was excessive (see People v Kazepis, 101 AD2d 816 [1984]). Altman, J.P, S. Miller, McGinity, Adams and Mastro, JJ., concur.