■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ELTING III, Appellant. [795 NYS2d 699]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 20, 2001, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. By decision and order dated December 1, 2003, this Court remitted the matter to the County Court, Dutchess County, to hear and report on the defendant's motion to withdraw his plea of guilty, and the appeal was held in abeyance in the interim (*see People v Elting*, 2 AD3d 455 [2003]). The County Court, Dutchess County, has filed its report.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was coerced is without merit. At the hearing on his motion to withdraw his plea, the defendant's former attorneys and a private investigator expressly contradicted the defendant's testimony that he had been advised that he would not succeed at trial because the Dutchess County courts and the trial judge were racist. After the hearing, the County Court credited the testimony of those witnesses and rejected the defendant's testimony as not credible. On this record, we see no reason to disturb the hearing court's determination as to the credibility of the witnesses (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

Moreover, the mere fact that the defendant's trial attorney had a pessimistic view of the defendant's chances of succeeding at trial and that the defendant faced a significantly longer prison sentence if convicted after trial did not constitute coercion (*see People v Jones*, 232 AD2d 505 [1996]; *People v Spinks*, 227 AD2d 310 [1996]; *People v Samuel*, 208 AD2d 776 [1994]). In fact, the record demonstrates that the defendant knowingly, intelligently, and voluntarily pleaded guilty (*see People v Harris*, 61 NY2d 9 [1983]).

Accordingly, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (*see People v Jones, supra*; *People v Palmeri*, 227 AD2d 418 [1996]; *People v Samuel, supra*). Florio, J.P., Krausman, Luciano and Rivera, JJ., concur.