■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MOTT, Appellant. [846 NYS2d 590]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Starkey, J.), imposed April 21, 2006, as amended May 30, 2006, on the ground that the sentence is excessive.

Ordered that the sentence, as amended, is affirmed. No opinion. Prudenti, P.J., Rivera, Goldstein, Dillon and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN NOWELL, Appellant. [848 NYS2d 242]—Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered September 13, 2006, convicting him of rape in the first degree, upon his plea of guilty, and imposing a sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he did not knowingly, intelligently, and voluntarily enter his guilty plea is unpreserved for appellate review since he did not move to withdraw his plea or vacate the judgment of conviction in the County Court (*see People v Clarke*, 93 NY2d 904, 905 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Tinsley*, 32 AD3d 447 [2006]; *People v Ackridge*, 31 AD3d 654 [2006]). In any event, the defendant's plea of guilty was voluntarily entered in the presence of competent counsel after the court had advised him of the consequences of the plea and after the court had conducted a sufficient inquiry to assure itself that the defendant was pleading guilty because he was in fact guilty (*see People v Fiumefreddo*, 82 NY2d 536 [1993]; *People v Harris*, 61 NY2d 9 [1983]; *People v Rizzo*, 38 AD3d 571 [2007]; *People v Mead*, 27 AD3d 767 [2006]). Spolzino, J.P., Skelos, Lifson and McCarthy, JJ., concur.