■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT McCOLLUM, Appellant. [863 NYS2d 699]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered July 19, 2006, convicting him of rape in the first degree and attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's right to a review of his contentions on appeal was forfeited by his plea of guilty (see People v Taylor, 65 NY2d 1, 5-6 [1985]; People v Silent, 37 AD3d 625 [2007]). Further, a defendant's waiver of the right to appeal precludes review of a claim of ineffective assistance of counsel except to the extent that the alleged ineffective assistance may have affected the voluntariness of the plea (see People v Perez, 51 AD3d 1043 [2008]; People v Dixon, 41 AD3d 861 [2007]). Here, the defendant does not claim that the alleged ineffectiveness of counsel affected the voluntariness of his plea. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNY PAYNE, Appellant. [863 NYS2d 700]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered October 17, 2006, convicting him of promoting prostitution in the second degree, criminal contempt in the first degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review (see CPL 470.05 [2]; People v Dien, 77 NY2d 885 [1991]; People v Nuccie, 57 NY2d 818 [1982]). In any event, the comments alleged to denigrate the defense were fair comment on the evidence (see People v Ashwal, 39 NY2d 105 [1976]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.