■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMAS VELEZ, Appellant. [882 NYS2d 712]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered October 31, 2007, convicting him of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review because he failed to move to withdraw his plea prior to sentencing (see *People v Clarke,* 93 NY2d 904, 906 [1999]; *People v Lopez,* 71 NY2d 662, 665-666 [1988]; *People v Smith,* 55 AD3d 639 [2008]). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see *People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Harris,* 61 NY2d 9, 17 [1983]). The defendant's waiver of his right to appeal precludes appellate review of his contention that he was denied the effective assis-

tance of counsel except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his plea (*see People v Rossetti,* 55 AD3d 637, 638 [2008]; *People v McCollum,* 54 AD3d 690 [2008]), and nothing in the record casts doubt on the effectiveness of counsel.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in failing, sua sponte, to conduct a competency hearing pursuant to CPL article 730 (*see People v Tortorici,* 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *People v Gelikkaya,* 84 NY2d 456, 459 [1994]). Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.