■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. LOVE, Appellant. [886 NYS2d 891]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered December 1, 2004, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record establishes that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Stanback*, 61 AD3d 785 [2009]; *People v Bohannon*, 63 AD3d 956 [2009]). Although the waiver does not preclude review of the defendant's claim that his plea of guilty was coerced and not voluntarily or knowingly made, this claim is unpreserved for appellate review because the defendant did not move to withdraw his plea on that ground (*see People v Velez*, 64 AD3d 799 [2009]; *People v Antoine*, 59 AD3d 560 [2009]). In any event, the plea of guilty was knowing, voluntary, and intelligent (*see People v Finn*, 63 AD3d 755, 756 [2009], *lv denied* 13 NY3d 744 [2009]; *People v Legnini*, 61 AD3d 895 [2009]).

The defendant's waiver of his right to appeal precludes appellate review of his contention that he was denied the effective assistance of counsel except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his plea (*see People v Velez*, 64 AD3d 799 [2009]; *People v Rossetti*, 55 AD3d 637, 638 [2008]), and nothing in the record casts doubt on the effectiveness of counsel.

By pleading guilty and failing to contest the admissibility of certain evidence at a trial, the defendant forfeited his right to seek appellate review of any alleged nonjurisdictional defects in the criminal proceeding (*see* CPL 710.70 [3]; *People v Land*, 304 AD2d 774 [2003]; *People v Corti*, 88 AD2d 345, 349 [1982]). In any event, even had the defendant contested the admissibility of the evidence, review of any negative determination would have been precluded by the defendant's waiver of his right to appeal.

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.