■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE JONES, Appellant. [896 NYS2d 787]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 2, 2007. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). Contrary to the contentions of defendant, we conclude that his waiver of the right to appeal is valid (*see People v Lopez*, 6 NY3d 248, 256 [2006]), and that it is not void as against public policy (*see People v Muniz*, 91 NY2d 570, 573-575 [1998]; *People v Kapp*, 59 AD3d 974, 974-975 [2009], *lv denied* 12 NY3d 818 [2009]). The challenge by defendant to the factual sufficiency of the plea allocution is encompassed by his valid waiver of the right to appeal (*see People v Grimes*, 53 AD3d 1055, 1056 [2008], *lv denied* 11 NY3d 789 [2008]) and, in any event, that challenge is unpreserved for our review because defendant did not move to withdraw the plea on that ground (*see People v Lopez*, 71 NY2d 662, 665 [1988]). In support of his motion to withdraw his plea at the time of sentencing, defendant contended that his plea was involuntary because it was coerced by County Court and he felt pressured into entering a plea. That contention, however, is belied by the record of the plea proceeding, and we thus reject the contention of defendant that the court abused its discretion in denying his motion to withdraw his plea. The fact that the court reminded defendant that the jury was waiting downstairs during the plea proceeding does not constitute coercion, nor does it render the plea involuntary (*see Grimes*, 53 AD3d at 1056). Indeed, in support of his motion, defendant presented no evidence of innocence, fraud, or mistake in the inducement of the plea (*see People v Thomas*, 17 AD3d 1047 [2005], *lv denied* 5 NY3d 770 [2005]). The statement of defendant that he was "under a lot of stress" at the time of the plea does not, by itself, warrant granting his motion to withdraw the plea (*see People v Robinson*, 301 AD2d 745, 746-747 [2003], *lv denied* 100 NY2d 542 [2003]; *People v Merck*, 242 AD2d 792, 793 [1997], *lv denied* 91 NY2d 895 [1998]). Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.