■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHANTI BUNN, Appellant. [914 NYS2d 907]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered April 14, 2010, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Nowell*, 46 AD3d 707 [2007]; *People v Martinez*, 33 AD3d 631, 632 [2006]; *People v Pryor*, 11 AD3d 565, 566 [2004]). In any event, the plea was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d at 666; *People v Harris*, 61 NY2d 9, 17 [1983]).

The defendant's contention that he was deprived of the effective assistance of counsel as a consequence of his attorney's failure to make a motion to withdraw his plea based on his postplea statements appearing in the presentence investigation report is without merit. The defendant's postplea assertions regarding the defense of justification did not warrant vacatur of his plea of guilty (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Modesto*, 39 AD3d 567 [2007]; *People v Tinsley*, 32 AD3d 447 [2006]; *People v Eaton*, 14 AD3d 577 [2005]; *People v Richardson*, 13 AD3d 561 [2004]). There can be no deprivation of effective assistance of counsel arising from counsel's failure to make a motion which had little or no chance of success (*see People v Terrell*, 78 AD3d 865 [2d Dept 2010]; *People v Goddard*, 72 AD3d 839, 840 [2010]). The defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Hughes*, 62 AD3d 1026 [2009]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v McKenzie*, 4 AD3d 437, 438 [2004]; *People v Boodhoo*, 191 AD2d 448, 449 [1993]).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis now to complain that the sentence was excessive (*see People v Hollingsworth*, 74 AD3d 1359, 1360 [2010]; *People v Flakes*, 240 AD2d 428, 429 [1997]; *People v*

*Kazepis*, 101 AD2d 816 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Angiolillo, Hall and Roman, JJ., concur.