■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN LOPEZ, Appellant. [920 NYS2d 664]—Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 3, 2010, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

The procedure by which defendant was adjudicated a persistent violent felony offender is constitutional (*People v Bell*, 15 NY3d 935 [2010]). Concur—Tom, J.P., Mazzarelli, Acosta, Renwick and Freedman, JJ.

■ SIMON LORNE, Plaintiff, and LUDMILLA LORNE, Appellant, v 50 MADISON AVENUE LLC et al., Respondents, et al., Defendants. [920 NYS2d 663]—Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 29, 2009, which, in this action alleging, inter alia, negligent construction, granted the motion by defendants 50 Madison Avenue LLC and Samson Management LLC to strike plaintiff-appellant's purported consent to substitution of counsel and notice of appearance as a pro se litigant, unanimously affirmed, without costs.

Plaintiff and her husband held the real property as tenants by the entirety, and thus, owned the property "as if they were one person" (*Matter of Violi*, 65 NY2d 392, 395 [1985]). Furthermore, plaintiff and her husband pursued their interest in the property as a joint interest. Accordingly, because plaintiffs' interest is joint, and because the matter does not involve special circumstances or highly complex litigation, the court properly determined that plaintiff is not entitled to separate representation (*see Stinnett v Sears Roebuck & Co.*, 201 AD2d 362, 364 [1994]; *cf. Chemprene, Inc. v X-Tyal Intl. Corp.*, 55 NY2d 900, 901 [1982]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Acosta, Renwick and Freedman, JJ.