■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CRUZ, Appellant. [930 NYS2d 560]—

The sentencing court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea, after affording him a full opportunity to present his claims (*see People v Frederick*, 45 NY2d 520, 525 [1978]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]).

After defendant made a conclusory pro se motion to withdraw his plea, the court appointed a new attorney, who made a more detailed motion. However, the attorney's allegations did not warrant vacatur of the plea. In essence, the allegedly coercive conduct on the part of the prior attorney was simply sound advice to take what would have been a lenient disposition, had defendant complied with its conditions (*see e.g. People v Chi-*

*milio,* 83 AD3d 537 [2011]). At sentencing, neither defendant nor the new attorney elaborated on their original claims.

The record demonstrates that defendant's plea was knowing, intelligent and voluntary. Defendant clearly understood he was admitting that he hired another man to kill defendant's wife. Defendant also clearly understood that he would receive a lenient sentence if he complied with certain conditions, including giving truthful testimony against the killer, but that he could receive a sentence of life without parole if he failed to comply.

Defendant made a valid waiver of his right to appeal precludes review of his excessive sentence claim (*see People v Ramos,* 7 NY3d 737 [2006]; *People v Lopez,* 6 NY3d 248 [2006]). As an alternative holding, we perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.