■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DAZZO, Appellant. [938 NYS2d 446]—

The Supreme Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty is addressed to the sound discretion of the Supreme Court, and its determination generally will not be disturbed absent an improvident exercise of discretion (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Caruso*, 88 AD3d 809 [2011]; *People v Amanze*, 87 AD3d 1159 [2011]; *People v Perez*, 83 AD3d 738, 739 [2011]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be required only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010], quoting *People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Caruso*, 88 AD3d at 809).

Here, the record supports the Supreme Court's determination that the defendant's plea was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]). The defendant's postplea assertions regarding his innocence and the defense of justification contradicted the admissions he made under oath at his plea allocution, and were insufficient to warrant withdrawal of his plea or a hearing (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Douglas*, 83 AD3d 1092, 1093 [2011]; *People v Perez*, 83 AD3d at 739; *People v Bunn*, 79 AD3d 1143 [2010]; *People v Duncan*, 78 AD3d 1193 [2010]).

The defendant's claim that his attorney coerced him to plead guilty is belied by his statements under oath acknowledging

that he was voluntarily pleading guilty, and that nobody had made any threats or forced him to enter his plea (*see People v Caruso*, 88 AD3d at 810; *People v Jackson*, 87 AD3d 552, 553 [2011]; *People v Douglas*, 83 AD3d at 1093; *People v Perez*, 83 AD3d at 739). Moreover, the statements allegedly made by the defendant's attorney do not raise an issue as to the voluntariness of the defendant's plea (*see People v Cruz*, 88 AD3d 498 [2011]; *People v Chimilio*, 83 AD3d 537 [2011]; *People v Elting*, 18 AD3d 770, 771 [2005]; *People v Charles*, 256 AD2d 472, 473 [1998]; *People v Samuel*, 208 AD2d 776, 777 [1994]). Further, the defendant acknowledged that he was satisfied with the representation he had received from his attorney, who negotiated a highly advantageous plea agreement on his behalf, and there is nothing in the record which casts doubt on the apparent effectiveness of the defendant's attorney (*see People v Caruso*, 88 AD3d at 810; *People v Watt*, 82 AD3d 912, 913 [2011]; *People v Bunn*, 79 AD3d at 1143).

The defendant's remaining contentions are without merit. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.