■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP MARTINEZ, Appellant. [11 NYS3d 686]—Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered December 13, 2010, convicting him of criminal contempt in the first degree, criminal contempt in the second degree (two counts), attempted assault in the third degree, and criminal trespass in the third degree, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court rendered February 14, 2012, revoking the sentence of probation previously imposed by the same court on December 13, 2010, upon a finding that he violated a condition thereof, after a hearing, and imposing a term of imprisonment upon his previous convictions of criminal contempt in the first degree, criminal contempt in the second degree (two counts), attempted assault in the third degree, and criminal trespass in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Canole*, 123 AD3d 940, 940 [2014]). In any event, the record reflects that the plea was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536,

543 [1993]). The defendant's post-plea assertions regarding his innocence contradicted the admissions he made under oath at his plea allocution, and were insufficient to warrant vacatur of his plea or a hearing (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Dazzo*, 92 AD3d 796, 796 [2012]; *People v Douglas*, 83 AD3d 1092, 1093 [2011]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in failing to, sua sponte, order a competency examination (*see People v Tortorici*, 92 NY2d 757, 765 [1999]; *People v Velez*, 64 AD3d 799, 800 [2009]; *People v Simpson*, 52 AD3d 846, 847 [2008]).

The defendant's remaining contentions are without merit. Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.