The People of the State of New York, Respondent, 
against
Kelly McKenna, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Stephen M. Antignani, J.), rendered January 22, 2013. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with assault in the second degree (Penal Law § 120.05 [2]), strangulation in the second degree (Penal Law § 121.12), assault in the third degree (Penal Law § 120.00 [1]), menacing in the second degree (Penal Law § 120.14 [1]), criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [A]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]), based on an incident during which he had physically assaulted his wife. The felony charges were dismissed by the People, and defendant ultimately pleaded guilty to assault in the third degree in satisfaction of the accusatory instrument, admitting that he had, among other things, slapped and punched his wife across her face, thereby causing her physical injury. Prior to pleading guilty, defendant, through his counsel, made a request for his wife's psychiatric records. The court informed defendant that, although it would permit him to subpoena those records, there was no guarantee that he would be permitted to actually view those confidential documents, and that since, at the time, he was incarcerated in lieu of bail, there was a chance that he would remain in jail for a longer period of time awaiting receipt of those records than he would if he accepted the plea bargain, which called for a promised sentence of six-months' incarceration, including credit for the two months he had already been in jail. On appeal, defendant contends that his guilty plea was coerced by the Criminal Court's discussion of the significant delay that obtaining the psychiatric records would entail and the attendant extensive time that he would remain incarcerated if he pursued that issue.
In order to be valid, a guilty plea must be entered voluntarily, knowingly and intelligently (see People v Mox, 20 NY3d 936 [2012]; People v Hill, 9 NY3d 189, 191 [2007]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]). A plea is voluntary if it represents a choice freely made by the defendant among legitimate alternatives (see North Carolina v Alford, 400 US 25, 31 [1970]; People v Hale, 93 NY2d 454, 463 [1999]), and voluntariness is determined by consideration of all of the relevant circumstances (see Brady v United States, 397 US 742, 749 [*2][1970]). Although defendant did not move to withdraw the plea pursuant to CPL 220.60 (3) or by a motion to vacate the judgment of conviction under CPL 440.10, since he was sentenced in the same proceeding in which he took his plea, he had no actual or practical ability to object to the perceived error in the plea allocution and, therefore, his claims are preserved for appellate review (see People v Peque, 22 NY3d 168, 182-183 [2013]; People v Louree, 8 NY3d 541, 546 [2007]). 
Here, it cannot be said that defendant's guilty plea was coerced by "the honest and frank assessment" (People v Jones, 232 AD2d 505, 505 [1996]) of the court that it would take time for the psychiatric records to be subpoenaed and that, even once they were obtained, the court might decide not to disclose them, since they are confidential based on the physician-patient privilege (see CPLR 4504; Mental Hygiene Law § 33.13 [c]). Indeed, a court has a measure of discretion in deciding whether records otherwise entitled to confidentiality should be disclosed (see People v McCray, 23 NY3d 193, 198 [2014]; People v Gissendanner, 48 NY2d 543, 548 [1979]). Thus, the mere fact that the court had a pessimistic view of defendant's chances of obtaining the records expeditiously and noted that defendant faced a significantly longer period of incarceration if he opted to wait for the receipt of those records instead of pleading guilty did not constitute coercion (see generally People v Mason, 56 AD3d 1201 [2008] [no coercion was found where the court offered advice to the defendant about the potential sentence to which he was exposed]; People v Elting, 18 AD3d 770 [2005]; People v Samuel, 208 AD2d 776 [1994]). Additionally, the court gave defendant multiple opportunities to consider his options and even laid out those options for him. Moreover, "while impressing upon defendant" the favorableness of the plea bargain, the court reiterated throughout the colloquy that the decision to either plead guilty or go to trial remained with defendant (People v Crafton, 159 AD2d 271, 271 [1990]). Further, the record reflects that defendant spoke with his attorney to discuss his options throughout the proceeding. More importantly, defendant responded to the court's inquiry by unequivocally stating that he was pleading "freely and voluntarily" and that no one had forced him to plead guilty (see People v Lopez, 109 AD3d 1007 [2013]; People v Nimmons, 27 AD3d 1186 [2006]; People v Jackson, 203 AD2d 302 [1994]). Thus, defendant's plea represented "a voluntary and intelligent choice among the alternative courses of action open to" him (North Carolina, 400 US at 31). As a result, the court was under no obligation to inquire further into whether defendant's plea was voluntary (see People v Rich, 10 AD3d 739 [2004]; People v Carrasquillo, 291 AD2d 238 [2002]; People v Pemberton, 268 AD2d 236 [2000]). 
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: April 07, 2016