■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY L. MCVAY, Appellant. [33 NYS3d 742]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered December 9, 2013, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Dazzo*, 92 AD3d 796 [2012]; *People v Caruso*, 88 AD3d 809 [2011]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010], quoting *People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Smith*, 54 AD3d 879 [2008]).

Here, the record supports the County Court's determination that the defendant's plea was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *see also People v Baker*, 104 AD3d 783 [2013]). The defendant's postplea assertion that he pleaded guilty "because of duress" is belied by his statements under oath at his plea allocution, and is insufficient to warrant withdrawal of his plea or a hearing (*see People v Innocent*, 132 AD3d 696 [2015]; *People v Dazzo*, 92 AD3d at 796-797; *People v Caruso*, 88 AD3d at 810; *see also People v Jones*, 71 AD3d 1573 [2010]). Finally, there is

no merit to the defendant's contention that he was deprived of the effective assistance of counsel (*see People v McGuire*, 122 AD3d 947, 948 [2014]; *People v Haywood*, 122 AD3d 769, 770 [2014]). Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.