■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL MALDONADO, Appellant. [39 NYS3d 826]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Foley, J.), rendered December 21, 2011, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in

denying, without a hearing, the defendant's motion to withdraw his plea of guilty (*see People v Seeber*, 4 NY3d 780, 780 [2005]; *People v McVay*, 140 AD3d 1090, 1090 [2016]; *People v Dazzo*, 92 AD3d 796, 796 [2012]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010], quoting *People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v McVay*, 140 AD3d at 1090).

Here, the record supports the Supreme Court's determination that the defendant's plea was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v McVay*, 140 AD3d at 1090; *People v Dazzo*, 92 AD3d at 796). The defendant's post-plea assertions regarding his innocence contradicted the admissions made under oath at his plea allocution and did not call into question the voluntariness of the plea (*see People v Martinez*, 129 AD3d 1106, 1107 [2015]; *People v Pollidore*, 123 AD3d 1058, 1059 [2014]; *People v Appling*, 94 AD3d 1135, 1136 [2012]). These statements were insufficient to warrant vacatur of his plea or obligate the court to conduct any further inquiry (*see* CPL 220.60 [3]; *People v Upson*, 134 AD3d 1058, 1058-1059 [2015]; *People v Dazzo*, 92 AD3d at 796-797).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v McVay*, 140 AD3d at 1090; *People v McGuire*, 122 AD3d 947, 948 [2014]). The record as a whole demonstrates that he received effective assistance of counsel under both the federal and state constitutional standards (*see Strickland v Washington*, 466 US 668, 688 [1984]; *People v Benevento*, 91 NY2d at 712; *People v Baldi*, 54 NY2d 137, 147 [1981]) Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.