■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CURTIS, Appellant. [63 NYS3d 338]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered December 17, 2015, convicting defend-

ant, upon his plea of guilty, of sexual abuse in the first degree and strangulation in the second degree, and sentencing him to an aggregate term of 60 days, concurrent with 10 years' probation, unanimously affirmed.

The court properly exercised its discretion in denying, without a hearing, defendant's motion to withdraw his guilty plea. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]). Defendant's written submissions, made while represented by new counsel, and the record of the plea proceeding were sufficient to establish that defendant's plea was knowing, intelligent and voluntary (*see People v Alexander*, 97 NY2d 482, 485 [2002]).

Defendant's allegations that his prior counsel pressured or coerced him into pleading guilty are unsupported by the record, which reflects that "defendant responded in the negative when asked if anyone threatened him or coerced him into pleading guilty" (*People v Lowrance*, 41 NY2d 303, 304 [1977]). Defendant "did not give the court any reason to believe the allegedly coercive conduct amounted to anything more than frank advice, based on the strength of the People's case and defendant's predicted sentencing exposure, to accept the favorable plea offer" (*People v Chimilio*, 83 AD3d 537, 538 [1st Dept 2011], *lv denied* 17 NY3d 814 [2011]). Defendant also "had sufficient opportunity to weigh the relative merits of the plea offered against the hazards of a trial" (*People v Fiumefreddo*, 82 NY2d 536, 546 [1993] [internal quotation marks omitted]), in that the court gave defendant repeated opportunities to confer with his counsel before he accepted the plea offer, on the eve of trial. In addition, the court properly relied on its firsthand observations that defendant appeared to understand the proceedings (*see Alexander*, 97 NY2d at 486).

The court also properly found that defendant's allegation that his counsel pressured him to plead guilty because counsel was entirely unprepared to try the case was conclusory and contradicted by defendant's statement in the plea proceeding that he was satisfied with his counsel's assistance. To the extent defendant is raising additional ineffective assistance of counsel claims, they are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record in the absence of a CPL 440.10 motion (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Alternatively, to the extent

the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *Strickland v Washington*, 466 US 668 [1984]). Counsel's strong advice to defendant to accept the plea offer did not evince a "breakdown" in the attorney-client relationship. Concur—Friedman, J.P., Richter, Andrias, Gische and Moulton, JJ.