People v Perry (2019 NY Slip Op 05162)





People v Perry


2019 NY Slip Op 05162


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2014-04463
 (Ind. No. 3604/11)

[*1]The People of the State of New York, respondent,
v
Djavaun Perry, appellant.


Paul Skip Laisure, New York, NY (Erica Horwitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Zoila Del Castillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ann Donnelly, J.), rendered April 19, 2013, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, murder in the second degree based on allegations that he shot and killed a person on April 17, 2011, in Brooklyn. On April 9, 2013, the defendant pleaded guilty to murder in the second degree, in satisfaction of the indictment. In connection with the plea of guilty, the defendant waived his right to appeal.
Contrary to the defendant's contention, the record demonstrates that his waiver of his right to appeal was knowingly, voluntarily, and intelligently made (see People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 256-257).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Magnotta, 137 AD3d 1303, 1303; People v Fontanet, 126 AD3d 723). However, the defendant failed to preserve this contention for appellate review, as he did not move to withdraw his plea prior to the imposition of sentence (see CPL 220.60[3]; People v Williams, 27 NY3d 212, 221-222; People v Lopez, 71 NY2d 662, 665; People v Narbonne, 131 AD3d 626, 627). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543; People v Bennett, 122 AD3d 871, 872).
The defendant also claims that he was deprived of the effective assistance of counsel. Inasmuch as this claim involves counsel's alleged deficiencies that purportedly affected the voluntariness of the defendant's plea, the defendant did not forfeit the right to raise this argument on appeal (see People v Castillo, 161 AD3d 1099; People v Jessamy, 137 AD3d 1056, 1056-1057). However, the record demonstrates that the defendant was afforded the effective assistance of counsel (see People v Caban, 5 NY3d 143, 152; People v Baldi, 54 NY2d 137, 147; see also People v [*2]Alexander, 159 AD3d 1019, 1021; People v Maldonado, 144 AD3d 706, 707).
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Bryant, 28 NY3d 1094; People v Munoz, 154 AD3d 881).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court