People v Dunkley (2019 NY Slip Op 08211)





People v Dunkley


2019 NY Slip Op 08211


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2018-08340
 (Ind. No. 1574/16)

[*1]The People of the State of New York, respondent,
v
Wayne A. Dunkley, appellant.


Matthew Muraskin, Port Jefferson, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark Cohen, J.), rendered May 17, 2018, convicting him of conspiracy in the second degree and attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not knowing, voluntary, or intelligent. Since this issue would survive a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10), we do not consider the validity of the defendant's purported appeal waiver (see People v Manzanales, 170 AD3d 752). The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review because he did not move to withdraw his plea (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Pleitez-Raymundo, 160 AD3d 902; People v Spencer, 149 AD3d 983). Moreover, the exception to the preservation requirement does not apply because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Coleman, 164 AD3d 518, 518-519). In any event, the record of the plea proceedings demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Coleman, 164 AD3d at 519).
The defendant's post-plea assertions regarding his innocence contradicted the admissions he made under oath at his plea allocution, and were insufficient to warrant vacatur of his plea (see People v Dixon, 29 NY2d 55, 57; People v Martinez, 129 AD3d 1106, 1107; People v Dazzo, 92 AD3d 796, 796). Further, contrary to the defendant's contention, his responses to the court's inquiries during sentencing did not cast significant doubt upon his guilt or otherwise call into question the voluntariness of the plea (see People v Williams, 27 NY3d 212, 220; People v Lopez, 71 NY2d at 666).
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court