*785 Appeals by the defendant from two judgments of the County Court, Suffolk County (Gazzillo, J.), both rendered October 27, 2008, convicting him of attempted assault in the first degree under Indictment No. 361/07, and criminal sale of a controlled substance in the third degree under Indictment No. 1323/07, upon his pleas of guilty, and imposing sentences.
Ordered that the judgments are affirmed.
The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (see People v Seeber, 4 NY3d 780 [2005]; People v Jackson, 87 AD3d 552 [2011]; People v Douglas, 83 AD3d 1092 [2011]; People v Duncan, 78 AD3d 1193 [2010]). Here, the defendant knowingly, voluntarily, and intelligently entered his negotiated pleas of guilty with the assistance of competent counsel in exchange for the promise of favorable sentences (see People v Pooler, 58 AD3d 757 [2009]; People v Ford, 44 AD3d 1070 [2007]; People v Mann, 32 AD3d 865 [2006]). The sentencing court did not improvidently exercise its discretion in denying, without a hearing, the defendant’s pro se motion to vacate his plea of guilty to attempted assault in the first degree on the ground that he did not receive the sentence promised to him by his attorney (see People v Anderson, 230 AD2d 916, 917 [1996]). The terms of the defendant’s promised sentence were clearly set forth by the court during the plea proceeding, and the defendant acknowledged that he understood those terms and that, other than the promises placed on the record, no other promises had been made to induce his plea of guilty (see People v Laurent, 58 AD3d 754 [2009]; People v Anderson, 230 AD2d at 917; People v Kai Ming Hou, 193 AD2d 759 [1993]; People v Davis, 161 AD2d 787 [1990]; People v Davis, 144 AD2d 576 [1988]). Moreover, contrary to the defendant’s contention, his attorney was not obligated to participate in a baseless pro se motion to withdraw his plea of guilty, which was knowingly, voluntarily, and intelligently made (see People v Bruno, 73 AD3d 941 [2010]; People v Pooler, 58 AD3d 757 [2009]; People v Ford, 44 AD3d at 1071).
The defendant’s valid waiver of his right to appeal precludes appellate review of his claim that he was deprived of the effective assistance of counsel, except to the extent that counsel’s alleged ineffectiveness affected the voluntariness of his pleas (see People v Duah, 91 AD3d 884 [2012]; People v Williams, 84 AD3d 1417, 1418 [2011]; People v Yarborough, 83 AD3d 875 [2011]). The defendant’s contention that his counsel’s alleged inef *786 fectiveness affected the voluntariness of his plea is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The defendant’s valid waiver of his right to appeal precludes review of his claim that the sentences imposed were excessive (see People v Lopez, 6 NY3d 248 [2006]; People v Holman, 89 NY2d 876 [1996]; People v Seaberg, 74 NY2d 1 [1989]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.