Appeal by the defendant from a judgment of the County Court, Suffolk County (Lozito, J.), rendered April 22, 2010, convicting him of grand larceny in the fourth degree and attempted grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The County Court providently exercised its discretion in denying, without a hearing, the defendant’s motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty is addressed to the sound discretion of the sentencing court, and its determination generally will not be disturbed absent an improvident exercise of discretion (see People v Seeber, 4 NY3d 780 [2005]; People v Dazzo, 92 AD3d 796 [2012]; People v Caruso, 88 AD3d 809 [2011]). “When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry ‘rest[s] largely in the discretion of the Judge to whom the motion is made’ and a hearing will be granted only in rare instances” (People v Brown, 14 NY3d 113, 116 [2010], quoting People v Tinsley, 35 NY2d 926, 927 [1974]).
Here, the record supports the County Court’s determination that the defendant’s plea was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). The defendant’s postplea assertions that he was coerced and entrapped into pleading guilty are belied by his statements under oath at his plea allocution, and were insufficient to warrant withdrawal of his plea or a hearing (see People v Dazzo, 92 AD3d at 796-797; People v Caruso, 88 AD3d at 810).
The defendant’s contention that the County Court improperly sentenced him without ordering an updated presentence report is unpreserved for appellate review (see People v Gambichler, 25 AD3d 722, 723 [2006]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.05 [2]).
There is no merit to the defendant’s contention that he was denied the effective assistance of counsel because his assigned counsel at sentencing did not make a motion pursuant to CPL 440.10 (see People v Benevento, 91 NY2d 708, 712 [1998]). Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.