*833 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered December 4, 2009, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
“The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion” (People v Jacob, 94 AD3d 1142, 1143 [2012]; see CPL 220.60 [3]; People v Alexander, 97 NY2d 482, 483-484 [2002]). “Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement” (People v Smith, 54 AD3d 879, 880 [2008]; see People v Jacob, 94 AD3d at 1143).
“When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry ‘rest[s] largely in the discretion of the Judge to whom the motion is made’ and a hearing will be granted only in rare instances” (People v Brown, 14 NY3d 113, 116 [2010], quoting People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Smith, 54 AD3d at 880). “Where, however, the record raises a legitimate question as to the voluntariness of the plea, an evidentiary hearing is required” (People v Brown, 14 NY3d at 116).
Here, the Supreme Court providently exercised its discretion in denying the defendant’s motion to withdraw his plea of guilty without conducting a hearing. The defendant’s postplea assertions regarding his innocence and the documents cited in support of his motion were insufficient to warrant withdrawal of his plea or a hearing (see People v Friedman, 39 NY2d 463, 467 [1976]; People v Douglas, 83 AD3d 1092, 1093 [2011]; People v Dazzo, 92 AD3d 796, 796 [2012]). Furthermore, the defendant’s claim that he was coerced into pleading guilty is belied by his statements under oath acknowledging that he was voluntarily pleading guilty, and that nobody had made any threats or forced him to enter his plea (see People v Dazzo, 92 AD3d at 796; People v Douglas, 83 AD3d at 1093; see also People v Kosse, 94 AD3d 908, 908 [2012]).
The defendant’s contention that his attorney was ineffective is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d *834 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]; People v McClurkin, 96 AD3d 784, 785 [2012]; People v Bruno, 73 AD3d 941, 942 [2010]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v McClurkin, 96 AD3d at 785; see generally People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109). Rivera, J.P, Leventhal, Austin and Miller, JJ., concur.