Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered March 26, 2013, convicting her of residential mortgage fraud in the first degree and residential mortgage fraud in the second degree, upon her plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Although the defendant validly waived her right to appeal (see People v Gonzalez, 109 AD3d 1003, 1004 [2013]; People v *705 Arias, 100 AD3d 914, 915 [2012]; People v Gonzalez, 93 AD3d 679 [2012]), her claim with respect to the voluntariness of the plea survives such a waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Solis, 111 AD3d 654 [2013]). A motion to withdraw a plea of guilty is addressed to the sound discretion of the court, and its determination generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60 [3]; People v Seeber, 4 NY3d 780 [2005]; People v Edmunson, 109 AD3d 621 [2013]; People v Gordon, 107 AD3d 739, 740 [2013]; People v Crawford, 106 AD3d 832, 833 [2013]; People v Anderson, 98 AD3d 524 [2012]). Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant’s motion to withdraw her plea of guilty. The record establishes that the defendant knowingly, voluntarily, and intelligently entered her plea of guilty (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Her contentions that she was coerced into pleading guilty are belied by her statements under oath at her plea proceeding, and were insufficient to warrant withdrawal of her plea or a hearing (see People v Crawford, 106 AD3d at 833; People v Anderson, 98 AD3d at 524).
The defendant’s valid waiver of her right to appeal precludes appellate review of her claim that she was deprived of her right to effective assistance of counsel, except to the extent that the alleged ineffective assistance may have affected the voluntariness of her plea (see People v Montalvo, 105 AD3d 774, 775 [2013]; People v Ramos, 77 AD3d 773, 774 [2010]; People v Drago, 50 AD3d 920 [2008]). To the extent that the defendant contends that her counsel’s conduct affected the voluntariness of her plea, her contention is based, in part, on matter appearing on the record and, in part, upon matter appearing outside the record, and thus constitutes a “ ‘mixed claim[]’ of ineffective assistance” (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]; see People v Crawford, 106 AD3d at 833; People v McClurkin, 96 AD3d 784, 785-786 [2012]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Crawford, 106 AD3d at 834; People v McClurkin, 96 AD3d at 785).
The defendant’s valid waiver of her right to appeal precludes *706 review of her remaining contentions that the sentencing proceeding should have been adjourned and that she should have been released on bail in order to afford her the opportunity to obtain funds necessary to pay restitution (see generally People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d at 11). Mastro, J.R, Rivera, Sgroi and Cohen, JJ., concur.