The People of the State of New York, Respondent, v Thomas Haywood, Appellant. [996 NYS2d 137]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered August 13, 2013, convicting him of burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he validly waived his right to appeal (*see People v Sanders*, 112 AD3d 748 [2013], *lv granted* 22 NY3d 1160 [2014]; *People v Arias*, 100 AD3d 914 [2012]; *People v Gonzalez*, 93 AD3d 679 [2012]; *cf. People v Brown*, 122 AD3d 133 [2d Dept 2014]). However, his claim regarding the voluntariness of his plea survives such a waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Solis*, 111 AD3d 654 [2013]). A motion to withdraw a plea of guilty is addressed to the sound discretion of the County Court, and, as a general rule, its determination will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780 [2005]; *People v Edmunson*, 109 AD3d 621 [2013]; *People v Gordon*, 107 AD3d 739, 740 [2013]; *People v Crawford*, 106 AD3d 832, 833 [2013]; *People v Anderson*, 98 AD3d 524 [2012]). Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. The record establishes that the defendant knowingly, voluntarily, and intelligently entered a plea of guilty (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). To the extent that the defendant argues that he felt compelled to plead guilty, such contention is belied by his statements under oath at the plea proceeding, and is insufficient to warrant withdrawal of the plea or a hearing (*see People v Crawford*, 106 AD3d at 833; *People v Anderson*, 98 AD3d at 524).

The defendant's valid waiver of his right to appeal precludes appellate review of his claim that he was deprived of the effec-

tive assistance of counsel, except to the extent that such alleged ineffective assistance may have affected the voluntariness of the plea (*see People v Montalvo*, 105 AD3d 774, 775 [2013]; *People v Ramos*, 77 AD3d 773, 774 [2010]; *People v Drago*, 50 AD3d 920 [2008]). To the extent that the defendant contends that his counsel's conduct affected the voluntariness of the plea, such contention is based, in part, on matter appearing on the record and, in part, upon matter appearing outside the record, and thus constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 572, 575 n 2 [2011]; *People v Crawford*, 106 AD3d at 833; *People v McClurkin*, 96 AD3d 784, 785-786 [2012]). Here, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Inasmuch as the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing this claim in its entirety (*see People v Crawford*, 106 AD3d at 834; *People v McClurkin*, 96 AD3d at 785). Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.