■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHMUEL DYM, Appellant. [996 NYS2d 371]—

Appeal by the defendant from a judgment of the Supreme Court, Rockland County, (Kelly, J.), rendered February 7, 2013, convicting him of course of sexual conduct against a child in the second degree (two counts) and endangering the welfare of a child in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"The decision to permit a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the court, and this determination generally will not be disturbed absent an improvident exercise of discretion" (*People v Pooler*, 58 AD3d 757, 757 [2009] [citations omitted]; *see People v Ford*, 44 AD3d 1070, 1070 [2007]; *People v DeLeon*, 40 AD3d 1008, 1008-1009 [2007]).

Here, the Supreme Court providently exercised its discretion in rejecting the defendant's application to withdraw his plea of guilty based on his claims that the plea was coerced by his attorneys, as that claim was not borne out by the record (*see People v Elting*, 18 AD3d 770, 771 [2005]; *People v Hall*, 195 AD2d 521, 522 [1993]; *People v Grady*, 110 AD2d 780 [1985]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are without merit. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.