■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAL LINCOLN, Appellant. [998 NYS2d 651]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered June 11, 2013, convicting him of criminal possession of a weapon in the third degree and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's valid waiver of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Muniz*, 91 NY2d 570, 575 [1998]) precludes review of his challenge to the factual sufficiency of the plea allocution (*see People v Ovalle*, 112 AD3d 971 [2013]; *People v Knapp*, 108 AD3d 641, 642 [2013]; *People v Hardee*, 84 AD3d 835 [2011]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance"

(*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.