■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO E. AGUILAR, Appellant. [26 NYS3d 713]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered November 12, 2013, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the

sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (*People v Jacob*, 94 AD3d 1142, 1143 [2012]; *see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 483-484 [2002]; *People v Bush*, 132 AD3d 691 [2015]; *People v Dym*, 122 AD3d 878 [2014]). "[A] hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010], citing *People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Smith*, 54 AD3d 879, 880 [2008]).

Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's application to withdraw his plea of guilty, as the record supports the finding that his plea was entered knowingly, voluntarily, and intelligently (*see People v Tyrell*, 22 NY3d 359, 365 [2013]; *People v Haffiz*, 19 NY3d 883, 884-885 [2012]; *People v Bediako*, 119 AD3d 598 [2014]). The defendant's postplea assertion that he had an issue with the imposition of the promised sentence, which he swore under oath at his plea allocution that he understood to be the promised sentence, was not a sufficient basis to warrant withdrawal of his plea or a hearing (*see People v McClurkin*, 96 AD3d 784, 785 [2012]; *People v Laurent*, 58 AD3d 754 [2009]; *People v Garcia*, 265 AD2d 492, 492 [1999]; *People v Santana*, 151 AD2d 518, 519 [1989]). Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.