■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO S. RIFINO, JR., Appellant. (Appeal No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO S. RIFINO, Appellant. (Appeal No. 2.) [39 NYS3d 37]—

Appeals by the defendant from two judgments of the County Court, Suffolk County (Efman, J.), both rendered October 25, 2013, convicting him of criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the fourth degree under superior court information No. 2484-09, and conspiracy in the second degree under indictment No. 3152-10, upon his pleas of guilty, and imposing a sentence of imprisonment on the conviction of conspiracy in the second degree under indictment No. 3152-10 to run consecutively to the sentences of imprisonment imposed on the convictions under superior court information No. 2484-09.

Ordered that the judgment under superior court information No. 2484-09 is affirmed; and it is further,

Ordered that the judgment under indictment No. 3152-10 is modified, on the law, by providing that the sentence imposed on the conviction of conspiracy in the second degree shall run concurrently with the sentences imposed on the convictions under superior court information No. 2484-09; as so modified, the judgment is affirmed.

On October 23, 2009, a search warrant was executed at the defendant's residence in Sayville, Suffolk County. As a result of that search, a quantity of heroin was found in glassine baggies, and cash in the amount of approximately $100,000 was recovered. On October 29, 2009, the defendant, represented by counsel, waived his right to be prosecuted pursuant to indictment and entered into a plea agreement wherein he agreed to plead guilty to charges contained in superior court information (hereinafter SCI) No. 2484-09. Pursuant to that agreement, the defendant pleaded guilty to three counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree in exchange for a conditional promise of a sentence of three years of imprisonment with a period of postrelease supervision. The County Court informed the defendant that the promised sentence was conditioned upon, among other things, the defendant not getting arrested again. The court warned the defendant that if he were to get arrested before being sentenced, the court would hold him to his plea of guilty but could impose whatever legal sentence the court deemed appropriate.

Between October 23, 2009, and December 9, 2010, the defendant was involved in a narcotics organization that was under surveillance by Suffolk County police. The police obtained a series of eavesdropping warrants, pursuant to which they conducted a wiretap investigation of the suspected members of the organization. Using information obtained from the wiretapped phone calls, the police conducted surveillance and observed multiple drug transactions. As a result of the investigation, the defendant was indicted under indictment No. 3152-10, together with 26 other individuals, in connection with the alleged conspiracy. The defendant had not yet been sentenced on his plea of guilty to the charges in the SCI. On February 6, 2013, the defendant appeared with counsel in the County Court and entered a plea of guilty to conspiracy in the second degree, in satisfaction of indictment No. 3152-10. On October 25, 2013, the defendant was sentenced to four concur-

rent determinate terms of imprisonment of three years plus three years of postrelease supervision on the convictions under the SCI and an indeterminate term of imprisonment of 12½ to 25 years on the conviction of conspiracy in the second degree under the indictment, to run consecutively to the sentences imposed on the convictions under the SCI.

The defendant knowingly, voluntarily, and intelligently waived his right to appeal as part of his plea agreements under the SCI and the indictment (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). The defendant's challenge to the factual sufficiency of the plea allocution under the SCI is precluded by his valid waiver of the right to appeal (*see People v Duchatellier*, 138 AD3d 887, 888 [2016]; *People v Lincoln*, 124 AD3d 803, 803 [2015]).

While the defendant's claim with respect to the voluntariness of his plea to the indictment survives the appeal waiver, it is without merit, as the record demonstrates that it, too, was knowing, intelligent, and voluntary (*see People v Hidalgo*, 91 NY2d 733, 736 [1998]). To the extent that the defendant argues that he felt compelled to plead guilty, such contention is belied by his statements under oath at the plea proceeding, and is insufficient to warrant withdrawal of the plea or a hearing (*see People v Haywood*, 122 AD3d 769, 769 [2014]; *People v Crawford*, 106 AD3d 832, 833 [2013]; *People v Anderson*, 98 AD3d 524, 524 [2012]).

The defendant's claim, with respect to his plea to the indictment, that he was deprived of his right to the effective assistance of counsel is precluded by his valid waiver of the right to appeal, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (*see People v West*, 123 AD3d 850, 851 [2014]; *People v Haywood*, 122 AD3d at 769-770; *People v Montalvo*, 105 AD3d 774, 775 [2013]; *People v McDuffie*, 43 AD3d 559, 560 [2007]). Insofar as the defendant contends that his counsel's conduct affected the voluntariness of that plea, as noted above, the record establishes that the plea was knowing, intelligent, and voluntary (*see People v Hidalgo*, 91 NY2d at 736).

The defendant's contention that an unreasonable delay in sentencing required dismissal of the SCI is unpreserved for appellate review (*see People v Kerrick*, 136 AD3d 1099, 1100 [2016]; *People v Mitchell*, 54 AD3d 779 [2008]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

However, the defendant correctly contends that the County Court erred in directing that the sentence imposed under the

indictment run consecutively to the sentences imposed under the SCI. "[S]entences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]). "When consecutive sentences are imposed, the People are obligated to establish their legality" (*id.; see People v Day*, 73 NY2d 208, 211 [1989]). "In determining whether concurrent sentences are required, the sentencing court must first examine the statutory definitions of the crimes for which defendant has been convicted" (*People v Laureano*, 87 NY2d at 643; *see People v Day*, 73 NY2d at 211; *People v Catone*, 65 NY2d 1003, 1005 [1985]).

Here, in satisfaction of the indictment, the defendant pleaded guilty to conspiracy in the second degree. "A person is guilty of conspiracy in the second degree when, with intent that conduct constituting a class A felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.15). "A conspiracy consists of an agreement to commit an underlying substantive crime . . . , coupled with an overt act committed by [at least] one of the conspirators in furtherance of the conspiracy" (*People v Caban*, 5 NY3d 143, 149 [2005]; *see* Penal Law §§ 105.15, 105.20). As charged here, the underlying crimes were criminal possession of a controlled substance in the second degree and criminal sale of a controlled substance in the second degree. The offenses of criminal possession of a controlled substance in the third and fourth degrees, to which the defendant pleaded guilty as charged under the SCI, were based on the same acts charged, in the indictment, as overt acts committed in furtherance of the conspiracy in the second degree count. As such, the actus reus of each of the offenses charged in the SCI was, by definition, "a material element" of the offense charged in the indictment (*see People v Laureano*, 87 NY2d at 643; *People v Day*, 73 NY2d at 211). Since the People failed to establish the legality of consecutive sentences by showing that the acts committed by the defendant were separate and distinct acts (*see People v Laureano*, 87 NY2d at 645; *cf. People v Brathwaite*, 63 NY2d 839, 843 [1984]), the County Court should have directed that the sentence imposed under the indictment run concurrently with the sentences imposed under the SCI.

The defendant's remaining contention is without merit. Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.