People v Hili (2018 NY Slip Op 00848)





People v Hili


2018 NY Slip Op 00848


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-02043

[*1]The People of the State of New York, respondent,
v
David Hili, appellant. (S.C.I. No. 14-00100)


Jason M. Bernheimer, Katonah, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Jennifer Spencer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered May 21, 2015, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Lopez, 6 NY3d 248, 256-257; People v Brown, 122 AD3d 133, 142-144). The defendant's valid waiver of his right to appeal bars review of his challenge to the procedures used by the County Court in its determination regarding restitution (see People v Callahan, 80 NY2d 273, 281; People v Rohs, 140 AD3d 800, 800; People v Burton, 69 AD3d 644, 644; People v Ordover, 67 AD3d 824, 824; People v Williams, 62 AD3d 730, 731; People v Caba, 238 AD2d 603).
The defendant's contention that his attorney was ineffective is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824; People v Brown, 45 NY2d 852; People v McClurkin, 96 AD3d 784, 785; People v Bruno, 73 AD3d 941, 942). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding would be the appropriate forum for reviewing the claim in its entirety (see People v McClurkin, 96 AD3d at 785; see generally People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d at 1109).
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court