People v Barr (2018 NY Slip Op 05232)





People v Barr


2018 NY Slip Op 05232


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
BRIAN BARR, Appellant.

Calendar Date: June 11, 2018

Before: McCarthy, J.P., Devine, Clark, Mulvey and Pritzker, JJ.


Craig Meyerson, Peru, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered March 18, 2016 in Albany County, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree as a hate crime (two counts) and conspiracy in the fifth degree as a hate crime.
Defendant was charged in an indictment with various crimes stemming from his involvement in a series of crimes that targeted elderly victims. Defendant and others were charged with taking payments from their victims in return for work that was not performed, or overcharging the victims for work that was performed. In satisfaction of these charges and any potential charges related to this or other schemes, defendant pleaded guilty to two counts of grand larceny in the fourth degree as a hate crime and waived his right to appeal. Under the terms of the agreement, Supreme Court promised to impose an aggregate prison sentence of no less than 4½ to 9 years and no more than 7½ to 15 years. At sentencing, the People requested the maximum sentence, arguing that defendant had not cooperated in the investigation of his co-conspirators as required. The court thereafter imposed consecutive prison sentences on all counts, with an aggregate of 7½ to 15 years in prison, as an admitted second felony offender, and issued an order of restitution. Defendant now appeals.
On appeal, defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record and counsel's brief, however, we perceive at least one issue of arguable merit pertaining to the legality of the imposition of consecutive sentences (see Penal Law § 70.25; People v Dean, 8 NY3d 929, 930-931 [2007]; People v Ramirez, 89 NY2d 444, 451 [1996]; People v Williams, 150 AD3d 1315, 1320 [2017], lv denied 30 NY3d 984 [2017]; People v Rifino, 143 AD3d 741, 743-744 [2016]), an issue that survives a waiver of appeal (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Stein, 161 AD3d 1389, 1389 n [2018]). Accordingly, without passing judgment on the ultimate merit of this or any other issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Stokes, 95 NY2d 633 [2001]; People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]).
McCarthy, J.P., Devine, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.