The People of the State of New York, Respondent,
against
Kevin Martin, Appellant.




Kevin Martin, appellant pro se.
Westchester County District Attorney (William C. Milaccio and Christine DiSalvo of counsel), for respondent.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Evan Inlaw, J., at plea; Michael A. Martinelli, J., at sentence), rendered October 12, 2016. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On January 2, 2015, defendant, Kevin Martin, was charged with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). On that same date, defendant's brother, Gregory Martin, was charged with menacing in the second degree (Penal Law § 120.14 [1]).
At a subsequent court appearance, the prosecutor indicated that she had provided defense counsel with Rosario material, as well as an exhibit list and a witness list. A video that allegedly depicted the incident, which subsequently appeared on the YouTube website, was recorded by an unknown person and provided to the victim. Defense counsel saw the video, which was stipulated into evidence during the trial and played in court during cross-examination of the victim. After the completion of the victim's testimony, the prosecutor did not rest but indicated that she was going to call more witnesses. The court then adjourned the trial. At the next court appearance, defendant pleaded guilty to assault in the third degree before City Court Judge Evan Inlaw. Defendant also agreed to admit to violations of probation with respect to two 2011 cases. [*2]The plea also covered an outstanding unrelated 2013 case. The court agreed to sentence defendant to four months in jail. Defendant signed a misdemeanor conviction waiver of rights form, a violation of probation form, and a waiver of the right to appeal form.
The prosecutor then conducted an allocution of defendant. Defendant agreed that he was entering the plea and the admissions freely and voluntarily, and that he was pleading guilty because he was guilty. Defendant had not consumed any alcoholic beverages, medications, drugs, or any other substances that might impair his ability to understand what was happening. He agreed that his signature appeared at the bottom of both the misdemeanor conviction waiver of rights form and the violation of probation form, both of which were fully explained to him by his attorney. He had no questions about the rights he was waiving. He understood that he was waiving his right to appeal his plea of guilty and sentence, as well as the resentence on the violations of probation, and had fully discussed the waiver of the right to appeal with his attorney. Defendant admitted "that on January 1st of 2015, . . . with intent to cause physical injury to another person," he had caused injury to the victim when he had punched "the victim in the head causing him to sustain bleeding to his ear." Defendant understood that the court had promised to sentence him to four months in jail to run concurrently with the sentences on the violations of probation. When the court asked defendant if he had "any questions [sic] anything that's happened in Court today," defendant replied, "[n]o, not really." Defendant understood "everything that's happened." The prosecutor was satisfied with the voluntariness of the plea and the admission, and recommended that the court accept them. The court found "the plea and the admission to be entered into knowingly, freely and voluntarily."
Sometime before the scheduled sentencing date, defendant, acting pro se, filed a motion to vacate the conviction, purportedly pursuant to CPL 440.10, and the matter appeared before Judge Arthur J. Doran, III. Defendant told the court that he was moving "for new counsel [because his counsel had] failed to put in a motion to dismiss because the complaining witness at trial failed to identify me as the person who caused his physical injury." Defendant also told the court that he was not in a financial position to hire a new lawyer. Counsel then told the court that defendant had discharged him as his attorney. The court assigned a new counsel to represent defendant. Assigned counsel declined to adopt defendant's pro se motion.
At a court appearance on February 17, 2016, defendant told the court that the victim "never identified [the] person who caused the injury . . . and he didn't identify me. He . . . didn't see who hit him. He said he was hit from behind. That he turned around, he didn't see who hit him. He didn't see me standing there, [he saw] my brother standing there." Defendant asserted that he "took a plea . . . under duress" from his former attorney. As a result, defendant moved to vacate the conviction based on ineffective assistance of counsel and argued that a hearing was required pursuant to CPL 440.30. The court deemed the motion as seeking to vacate the plea. Assigned counsel indicated that he was acting as defendant's "legal advisor" with respect to the pro se motion.
In an affidavit, defendant's brother, Gregory Martin, alleged that he had been the "co-defendant" in this case, having been charged with menacing in the second degree. He further alleged that he "was also the person that struck the Complainant . . . from behind, and not Kevin." He was willing to testify "so that I can dispel the wrong being charged to Kevin." He alleged that the complainant had pressed charges because there was a family dispute regarding [*3]who was to live in and pay the rent for an apartment. Gregory Martin alleged that defendant pleaded guilty to a crime he had not committed. In another affidavit, a man named Frank Pettiford alleged that he had observed the incident, that the complainant had been the aggressor, and that defendant had been trying to defend himself. He had been willing to testify at the nonjury trial, but defendant's counsel had never contacted him.
The court determined that defendant did not establish a basis upon which to withdraw his plea, reasoning that:
"A review of the record establishes the defendant knowingly, voluntarily and intelligently entered his plea of guilty. . . . Contrary to defendant's contention, with the assistance of competent counsel, he properly allocuted to all elements of 'Assault in the 3rd Degree.' . . . [H]e and his attorney were afforded the opportunity to have whatever time they needed to discuss the various options. The end result was that defendant decided, with the aid of legal advice, to enter his guilty plea. Thus, defendant's conclusory and unsupported claims of innocence are belied by his statements under oath at his plea proceeding, and were insufficient to warrant withdrawal of his plea, or in the alternative, to grant a hearing."
On October 12, 2016, the City Court (Michael A. Martinelli, J.), sentenced defendant, as promised, to a term of four months in jail. Sometime thereafter, defendant filed a pro se motion pursuant to CPL article 440 to vacate the judgment of conviction. By order dated April 6, 2017, the City Court (Evan Inlaw, J.) denied the motion.
On appeal from the October 12, 2016 judgment of conviction, defendant argues in his pro se brief that he was denied the effective assistance of counsel at the nonjury trial. Defendant also claims that his trial counsel did not request that the People turn over the complainant's medical records, photographs of the complainant, or the video footage capturing Gregory Martin chasing the complainant with a knife. Therefore, his counsel was ill prepared and unable to build any type of strategy for trial. Defendant further contends that his counsel was ineffective in failing to challenge the People's request to sever his case from the menacing charge against his brother, Gregory Martin. Finally, defendant argues that the case should have been dismissed on the ground that the evidence was legally insufficient. 
The People note in their brief that Gregory Martin was separately charged with menacing in the second degree, and that he pleaded guilty to attempted menacing in the second degree on February 25, 2015. The People assert that defendant's guilty plea was entered into freely and voluntarily, and that he admitted that he had intentionally punched the complainant in the head, causing the complainant to bleed from his ear. The People argue that defendant's ineffectiveness claim is encompassed by his waiver of his right to appeal, forfeited by his guilty plea, and not reviewable by this court because it involves matters outside the record. In any event, none of the alleged errors constitute ineffectiveness warranting the reversal of defendant's judgment of conviction. Counsel's efforts at trial were cut short by defendant's own decision to plead guilty pursuant to a favorable plea agreement negotiated by counsel. The People add that defendant cannot claim that counsel should have moved for a trial order of dismissal pursuant CPL 290.10, because the record of the nonjury trial shows that the People had not rested their direct case.
Even though defendant waived his right to appeal, his claims that his plea was not entered voluntarily and that the ineffective assistance of his counsel may have affected the voluntariness of the plea survive such a waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Rifino, 143 AD3d 741, 743 [2016]; People v Murphy, 114 AD3d 704, 704-705 [2014]).
Contrary to defendant's contention, the City Court did not improvidently exercise its discretion in denying, without a hearing, defendant's motion to, in effect, withdraw his guilty plea, as the record of the plea proceeding establishes that defendant knowingly, voluntarily and intelligently entered his plea of guilty (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Thomas, 150 AD3d 770, 771 [2017]; People v Murphy, 114 AD3d at 705). He freely admitted that he had violated the terms and conditions of his probation by being rearrested. Nor is it apparent from the record that defendant was deprived of the effective assistance of counsel at the plea. Defendant, among other things, agreed that he was entering the plea and the admissions freely and voluntarily, and that he was pleading guilty because he was guilty, admitting to the underlying factual allegations. He agreed that his signature appeared at the bottom of both the misdemeanor conviction waiver of rights form and the violation of probation form, which were fully explained to him by his attorney. He understood everything that was in the forms. 
We note that the order denying defendant's CPL 440.10 motion cannot be reviewed by this court because leave to appeal therefrom has not been requested or granted (see CPL 450.15 [1]; 460.15).
We find defendant's remaining contention to lack merit.
Accordingly, the judgment of conviction is affirmed.
BRANDS, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 20, 2018