People v Rosado (2019 NY Slip Op 07935)





People v Rosado


2019 NY Slip Op 07935


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-07063
2017-07064

[*1]The People of the State of New York, respondent,
v
Jaquan R. Rosado, appellant. (S.C.I. Nos. 76/17, 107/17)


Thomas N. N. Angell, Poughkeepsie, NY (Seth J. Gallagher of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Dutchess County (Edward T. McLoughlin, J.), both rendered June 16, 2017, convicting him of grand larceny in the fourth degree under Superior Court Information No. 76/17, and reckless endangerment in the first degree under Superior Court Information No. 107/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant entered pleas of guilty to grand larceny in the fourth degree, a class E felony (see Penal Law § 155.30[1]), under Superior Court Information No. 76/17, and reckless endangerment in the first degree, a class D felony (see Penal Law § 120.25), under Superior Court Information No. 107/17. When the County Court first delineated the proposed agreement at the outset of the plea proceeding, it told the defendant that the promised sentences were an indeterminate term of imprisonment of 1½ to 3 years on the grand larceny charge, and a consecutive indeterminate term of imprisonment of 2 to 4 years on the reckless endangerment charge, for an aggregate term of imprisonment of 3½ to 7 years. When the defendant, through his attorney, indicated that there was some confusion as to whether both charges were class E felonies and the sentences would be the same, the court emphasized that the minimum sentence on the reckless endangerment charge was 2 to 4 years. The defendant acknowledged that he understood the agreement.
Later in the plea proceeding, when the County Court asked the defendant if anyone had promised him anything different or in addition to what they had discussed earlier, the defendant, through his attorney, stated that the People had previously offered him indeterminate terms of imprisonment of 1½ to 3 years on each charge. The court told the defendant that it was required to impose no less than the minimum sentence of 2 to 4 years on the class D felony. The court asked the defendant if he still wanted to go forward with the pleas. The defendant replied that he did.
The County Court sentenced the defendant, in accordance with the plea agreement, to an indeterminate term of imprisonment of 1½ to 3 years on the grand larceny conviction, and a [*2]consecutive indeterminate term of imprisonment of 2 to 4 years, plus restitution in the amount of $4,981.41, on the reckless endangerment conviction.
The defendant's contention that his pleas were not knowing, voluntary, and intelligent because he was confused at the time of the plea proceeding is unpreserved for appellate review, since he did not move to withdraw his pleas before sentencing (see CPL 220.60[3]; 470.05[2]; People v Peque, 22 NY3d 168, 182; People v Murray, 15 NY3d 725, 726-727; People v Lopez, 71 NY2d 662, 665; People v Harris, 169 AD3d 924; People v Mack, 168 AD3d 1100, 1101; People v Pleitez-Raymundo, 160 AD3d 902). In any event, the defendant's contention that he was confused over the sentence to be imposed on the reckless endangerment conviction is belied by the record. The terms of the defendant's promised sentences were clearly set forth by the County Court during the plea proceeding, and the defendant acknowledged that he understood those terms and that, other than the promises discussed earlier with the court, no other promises had been made to induce his pleas of guilty (see People v Aguilar, 137 AD3d 1051, 1052; People v McClurkin, 96 AD3d 784, 785; People v Laurent, 58 AD3d 754). The plea minutes reveal that the defendant's pleas of guilty were knowingly, voluntarily, and intelligently made (see People v Catu, 4 NY3d 242, 244-245; People v Ford, 86 NY2d 397, 402-403).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court